UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY CROSS,

Plaintiff,

v.

Case No. 15-14254
Hon. Terrence G. Berg

JAMES COMPTON, et al.,

Defendants.

ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO DISMISS (DKT. 4)
AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

Plaintiff filed this lawsuit in December of 2015. Dkt. 1. In April of 2016, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. Dkt. 2. Plaintiff showed cause by explaining that he was waiting on Freedom of Information Act requests to determine the identities of the John Doe defendants. The Court then entered a text-only order on May 25, 2016 allowing Plaintiff an additional 60 days to serve the complaint.

Although he had not yet amended the complaint to include their names as defendants, Plaintiff obtained summonses for two Deputies: Donald Jones and Timothy Domansky. Dkt. 4, Ex. 4. Plaintiff attempted to serve those summonses within the additional time the Court provided, but the Wayne County Sheriff's Office refused to accept service based on a belief that the complaint was filed outside the relevant statute of limitations. Dkt. 4, Ex. 3.

Three mistakes warrant denying Defendants' motion to dismiss without prejudice and granting Plaintiff one last opportunity to serve the complaint. First, although the summonses served by Plaintiff were signed by a Deputy Clerk of the Court, for reasons that are not clear, they were not entered on Court's docket—this appears to be the Court's mistake. Second, the summonses were for Sheriff Deputies who had not yet been named as defendants in the complaint—this is Plaintiff's mistake; he did not seek to amend his complaint to add the Sheriff Deputies as defendants before getting summonses for them. Third, Plaintiff's attempt to serve the summonses was rebuffed—this is Defendants' mistake. Based on the Declaration of Assistant Corporation Counsel James M. Surowiec, Wayne County's Chief of Litigation, it appears that he refused to accept service because he believed the action was filed outside the statute of limitations and because he did not find the summonses on the Court's docket.  Dkt. 4, Ex. 3. A better approach would have been to accept service in light of a party's duty to avoid unnecessary expenses of serving a summons, see Fed. R. Civ. P. 4, and to have preserved any statute of limitations defense. The Court is not aware of any authority for the proposition that a party's good faith belief that a complaint may have been filed outside the statute of limitations is a valid reason to reject service of the complaint.

The right thing to do here is to allow Plaintiff to amend his complaint, add the names of the defendants he is aware of, re-issue the summonses, and have the complaint and summonses properly served and accepted, so that the case will be in a

2

correct posture for the Court to consider any responsive pleading that Defendants may file.

Accordingly,

- Defendants' motion to dismiss (Dkt. 4) is hereby **DENIED WITHOUT PREJUDICE;**
- The Court **GRANTS LEAVE** for Plaintiff to file an amended complaint adding Deputies Jones and Domansky, and any other Deputies whose identities Plaintiff has discovered and who he believes were involved in the events giving rise to his claims;
- Plaintiff **SHALL FILE** an amended complaint within **30 days** from the entry of this order, otherwise the Court will dismiss this case for failure to prosecute;
- After filing his amended complaint, Plaintiff **SHALL REQUEST** summonses for the named defendants. The Court will ensure these summonses are entered on the docket.
- Plaintiff **SHALL SERVE** the named Defendants within 60 days of filing his amended complaint.
- Pursuant to Federal Rule of Civil Procedure 4(d)(1), Plaintiff may request waiver of service.
- If Defendants refuse to waive service, Plaintiff may arrange for service of the summonses and submit to the Court an accounting of the additional costs caused by Defendants' refusal.
- If Defendants refuse to waive service and then refuse to accept service, Plaintiff may move for Defendants to show cause why they did not waive service or accept service, and why costs of arranging service should not be borne by Defendants.

**IT IS SO ORDERED.**

Dated:  February 21, 2017                   s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

3

**Certificate of Service**

I hereby certify that this Order was electronically submitted on February 21, 2017, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager
