UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY CROSS,

        Plaintiff,

v.

DANIEL CARMONA, et. al.,

        Defendants.

Case No. 15-14254
Hon. Terrence G. Berg

**OPINION AND ORDER GRANTING DEFENDANT'S
RENEWED MOTION TO DISMISS (Dkt. 13)**

## I.    Introduction

This is a pro se § 1983 case challenging Wayne County Sheriff Officers' conduct during an allegedly unlawful arrest in December, 2012. Danny Cross ("Plaintiff") filed his original Complaint in December, 2015 against unidentified "John Doe" officers.[1] He amended his Complaint with leave of the Court in March, 2017 to name the Defendant Officers. Defendants now argue his Amended Complaint against them should be dismissed as time-barred because he failed to properly serve them within the statute of limitations for §1983 actions. For the reasons outlined below, Defendants' motion is GRANTED with prejudice.

---

[1] Danny Cross identifies himself as an attorney from Illinois, but he is not represented in this matter by an attorney admitted to practice in this Court, and is thus proceeding in pro per.

1

## II. Background

On December 6, 2012, Plaintiff had an encounter with several Wayne County Sheriff's Deputies while visiting his friend James Johnson's home in Detroit. Dkt. 10 at Pg ID 72; Dkt. 13 at Pg ID 101. The officers were attempting to serve a felony warrant on Johnson, Dkt. 14 at Pg ID 138, but Plaintiff answered the door when they knocked. Dkt. 10 at Pg ID 172.

According to Plaintiff's recounting of the facts, the encounter proceeded as follows: After Plaintiff answered the door at Johnson's home the Defendant officers immediately began questioning him. *Id.* He states they "verbally berated him" with "racist textures and tones" and did not show him a warrant. *Id.* Plaintiff explained he was a visitor and that he had recently arrived at Johnson's home by car, which was parked next to the house. *Id.* Defendants then began to search Plaintiff's car even after he told them he did not consent to the search. *Id.* After Defendants finished searching his car, Plaintiff got in it and attempted to drive away, but Defendants stopped his car, pulled him out of it, and forcefully searched him. Dkt. 10 at Pg ID 72. After the body search, Defendants handcuffed Plaintiff and put him in one of the police cruisers for "a substantial period of time" until Defendant Deputy Sheriff Daniel Carmona arrived at the scene and questioned Plaintiff while searching Plaintiff's wallet. *Id.* Defendants then released Plaintiff on the condition

that he acknowledge that his car would remain seized. *Id*. Plaintiff agreed to leave Johnson's property without his car and walked across the street to sit on a neighbor's porch where he watched Defendants forcefully enter Johnson's home and arrest Johnson. *Id*. at Pg ID 74. After arresting Johnson, Defendants left the scene leaving Plaintiff's unlocked car behind. *Id*. Plaintiff ultimately found his keys in the grass on Johnson's lawn. Dkt. 1 at Pg ID 4.

Plaintiff filed his Complaint on December 6, 2015—exactly three years to the day from the encounter described above—against "John Does 1-5" whom he identified only as Deputies Sheriffs in the Wayne County Sheriff's Department, and James Compton whom he identified as a Detroit Police Officer.[2] Dkt. 1.

In that Complaint Plaintiff claimed 1) two counts of illegal seizure under 42 U.S.C. §1983; 2) violation of his property rights under 42 U.S.C. § 1982; 3) two counts of false arrest and unlawful detention; and 4) assault and battery. Dkt. 1.

---

[2] In the original Complaint, Plaintiff also included facts relating to a separate April 29, 2013 encounter with Defendant Compton, a Detroit Police Officer, and another John Doe officer during which Plaintiff was riding his bicycle and the officers cut him off in a police cruiser and then forcefully searched him. Plaintiff has made no attempt to serve Defendant Compton since filing his original Complaint, nor has he named Defendant Compton or asserted any claims against him based on this incident in his Amended Complaint. Thus any claims against Defendant Compton have been abandoned.

After filing the original Complaint on December 6, 2015, Plaintiff did not request an issuance of summons, nor make any attempt to serve the Complaint on any of the Defendants including Defendant Compton who was specifically identified in the original Complaint, but is not named in the Amended Complaint. Because he did not know who the John Doe Wayne County deputy sheriffs were, Plaintiff filed a FOIA request with the Wayne County Sheriff's Department on December 7, 2015 "seeking records of Terry Stop relating to Danny C. Cross." *See* Dkt. 14 at Pg ID 136-37.

On April 8, 2016, 121 days after Plaintiff filed his Complaint, the Court issued an Order to Show Cause why his case should not be dismissed for failure to prosecute. Dkt. 2. On April 16, 2016 Plaintiff filed a response to the show cause order arguing his claims against the unnamed officers should not be dismissed because he had diligently pursued several information requests to determine their identities: He made his first FOIA request for Terry stop records including his name to the Wayne County Sheriff's Department in December, 2015 after filing his Complaint. Dkt. 3 at Pg ID 12. When that request was denied because a search with his name returned nothing, he asked the Wayne County Circuit Court clerk's office to conduct a search of court records to find any records relating to Johnson's arrest, which he believed would include the names

4

of the same arresting officers that had unlawfully searched and detained him. Dkt. 3 at Pg ID 12-14. That second request turned up a copy of the bench warrant for Johnson. But the warrant did not include the names of the arresting officers. Dkt. 3 at Pg ID 14. Finally, on March 21, 2016, Plaintiff submitted another FOIA request to the Wayne County Sheriff's Department; this time for Johnson's arrest records, which he believed would include the arresting officers' names. Dkt, 3 at Pg ID 14. In his April 16, 2018 response to the Court's show cause order Plaintiff indicated he expected a response to that final FOIA request by April 18, 2016. Dkt. 3 at Pg ID 14-15. Accordingly, on May 25, 2016, the Court entered a text only order giving Plaintiff until July 25, 2016 to serve his Complaint on the yet-to-be-identified defendants.

Although this is not reflected on the docket due to an administrative error by the Court, on July 21, 2016 Plaintiff attempted to serve summonses on Defendants Donald Jones and Timothy Domansky. Dkt. 9 at Pg ID 67 (noting it was the Court's error that these summonses were not entered on the docket); Dkt. 4, Ex. 4 (copy of summonses). The Wayne County Sheriff's Office, however, refused to accept service for Defendants Jones and Domansky based on its belief that Plaintiff's claims against them were time-barred. Dkt. 4, Ex. 3.  On July 22, 2016, the day after this attempted service, "Wayne County Defendants" filed a Motion to Dismiss arguing

5

that even though the Court had exercised its discretion in allowing Plaintiff until July 25, 2016 to serve his Complaint, Plaintiff could not legally serve a summons that the court had extended *after* the three-year statute of limitations for filing §1983 actions and additional 90-day period for serving them under Fed. R. Civ. Pro. 4(m) had both expired. Dkt. 4 at Pg ID 27-28.

On February 21, 2017 the Court denied Defendant's Motion to Dismiss the Complaint without prejudice finding that: the Court had made a mistake by not entering the July 21, 2016 summonses on the docket; Plaintiff had made a mistake by attempting to serve Defendants Jones and Domansky without first amending his Complaint to name them; and Defendants made a mistake by refusing service of the Complaint based only on their belief that it was filed out of time. Dkt. 9 at Pg ID 67.

The Court granted Plaintiff leave to amend his Complaint to "add the names of the defendants he is aware of" within 30 days, and re-issue and serve the summons within 60 days. Dkt. 9. In other words, Plaintiff had until March 23, 2017 to his amend his Complaint and name the previously unidentified defendants, and until April 22, 2017 to serve those defendants. Plaintiff complied with these deadlines: he filed his Amended Complaint on March 22, 2017, Dkt. 10, and summons were issued for all Defendants on March 23, 2017. Dkt. 11.

On April 18, 2017 Defendants filed this renewed Motion to Dismiss arguing, again, that Plaintiff's claims are time-barred because he did not properly serve them within the three-year statute of limitations for § 1983 actions or the additional 90-day period for service under Fed. R. Civ. Pro. 4(m). Dkt. 13.

**III. Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court reasonably to infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. Analysis

The Court granted Plaintiff leave to amend his Complaint to name the previously unidentified Defendant officers, but is now faced with the Sixth Circuit's strict interpretation of the relation-back doctrine under Rule 15(c)—*i.e.*, when amended pleadings filed *after* the statute of limitations are determined to relate back to the original filing *within* the statute of limitations and are thus timely.

For the reasons discussed below the Court finds that Plaintiff's Amended Complaint does not relate back to his Original Complaint under Rule 15(c) and is therefore time-barred for the three-year statute of limitations for §1983 actions in Michigan.

### a. Section 1983 claims against Defendants Carmona, Jones, Domansky, and Jones are dismissed as time-barred

Plaintiff's Amended Complaint alleges the following claims against the Defendant officers under § 1983: 1) unlawful arrest and detention; 2) excessive force; and 3) illegal search. Dkt. 10 at Pg ID 75-77.

The statute of limitations for these § 1983 claims is governed by the state statute of limitations for personal injury claims. *Wilson v. Garcia*, 417 U.S. 261, 272 (1985). Under Michigan law, MCL § 600.5805(10), the statute of limitations for personal injury claims is

three years. *Chippewa Trading Co. v. Cox*. 365 F.3d 538, 543 (6th Cir. 2004).

While state law determines the statute of limitations for § 1983 actions, federal law governs when those § 1983 claims accrue and the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (1984). Plaintiff's claims accrued at the time of the alleged unlawful arrest and illegal search on December 6, 2012. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)(fourth amendment claims for false arrest and excessive force under §1983 accrue at the time of the arrest "or at latest when detention without legal process ends)(citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)); *accord Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)("Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims"); *McCune v. City of Grand Rapids*, 642 F.3d 903, 906 (6th Cir. 1988)(§1983 false arrest claims accrue the day of the arrest).

Plaintiff thus had three years from December 6, 2012—until December 6, 2015—to file this § 1983 suit. Plaintiff timely filed this action against the John Doe officer defendants. Under Fed. R. Civ. Pro. 3 "[a] civil action is commenced by filing a complaint with the court." Thus Plaintiff's action against these unnamed defendants was *commenced* within the statute of limitations when he filed his original Complaint on December 6, 2015.

After he filed his Complaint, Plaintiff had 90 days, or until March 7, 2016, to serve it on defendants under Fed. R. Civ. Pro. 4(m). This he did not do. However, Rule 4(m) also provides that "if the plaintiff shows good cause for the failure [to serve the summons within that 90-day period] the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here the court exercised its discretion to extend the time for service first in its text only order on May 25, 2016 allowing Plaintiff an additional 60 days—until July 25, 2016—to serve the Complaint, and again when it denied Defendant's Motion to Dismiss without prejudice and gave Plaintiff March 23, 2017 to his amend his original Complaint and name the previously unidentified defendants. Dkt. 9.

What the Court did not previously account for, however, in granting these previous extensions was whether Plaintiff's Amended Complaint, which he filed on March 22, 2017—more than five years after the alleged false arrest and more than two years after the expiration of the statute of limitations—satisfies the relation-back requirement for amended pleadings filed after the statute of limitations has expired. Fed. R. Civ. P. 15(c).

Under Fed. R. Civ. P. 15(c)(1) an amendment to pleadings made after the statute of limitations expires, relates back to those original pleadings and is thus not time-barred when:

| | | |
|---|---|---|
| (A) | | the law that provides the applicable statute of limitations allows relation back; |
| (B) | | the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or |
| (C) | | the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: |
| | (i) | received such notice of the action that it will not be prejudiced in defending on the merits; and |
| | (ii) | knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. |

Rule 15(c)(1)(C)'s requirements are relevant in situations like this one where the amendment to the pleadings arises out of the same conduct charged in the original complaint, but "changes the party or the naming of the party against whom a claim is asserted." *Smith v. City of Akron*, 467 F. App'x 67, 69 (6th Cir. 2012).

Rule 15(c)(1)(C) requires that a newly-named defendant have *actual* knowledge that the original complaint had been filed within the time for service of summons under Rule 4(m), and that a newly-named defendant either knew or should have known that "the plaintiff made a mistake in failing to name him" within the time for service of summons under Rule 4(m). *Id.*

11

Applying these relation-back requirements of Rule 15(c)(1)(C)(i)-(ii), the Sixth Circuit has expressly concluded that a plaintiff who files a § 1983 claim against unnamed John Doe defendants within the relevant statute of limitations, but then seeks to amend that complaint with those defendants' actual names *after* the statute of limitations has run is time-barred from doing so. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431 (6th Cir. 2013).

In *Smith* plaintiff timely filed a § 1983 claim for excessive force against a city police department and two of its officers in state court. 476 F. App'x at 68. The plaintiff initially named the officers as "John and Jane Doe Nos. 1-10," but amended the complaint after the defendant city removed to federal court, and after the statute of limitations had expired, to name two officers in lieu of John Does 1 and 2. *Id.* The district court dismissed the claims against the two officers finding that the change in parties did not satisfy Rule 15(c)'s relation-back requirements. *Id.* The Sixth Circuit affirmed without addressing whether the amended complaint satisfied the 15(c)(1)(C)(i) requirement that the newly-named defendant had actual knowledge that the original complaint had been filed within the time prescribed under Rule 4(m). The court focused instead Rule 15(c)(1)(C)(ii)'s requirement that the newly-

named defendants knew or should have known that the original complaint would have named them "but for a mistake concerning [their] identity." *Id.* at 69. On this requirement the Sixth Circuit found that plaintiff's failure to identify the two officers by name in the original complaint was not a "mistake concerning the proper party's identity" under 15(c)(1)(C)(ii) because "adding new, previously unknown defendants in place of John Doe defendants is considered a change in parties, not a mere substitution of parties, and such amendments do not satisfy the mistaken identity requirement of Rule 15(c)." *Id.* at 69) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). In other words, the plaintiff "did not make a mistake about the identity of the parties he intended to sue; he didn't know who they were and apparently did not find out within the two year limitations period." *Id.*

In *Smith*, the Sixth Circuit distinguished this type of error from what the Supreme Court had recently characterized as a mistake warranting relation-back in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). *Id.* In *Krupski*, the Supreme Court found that a plaintiff who knew two entities existed—only one of which was a proper defendant—but sued the wrong one, had made a "mistake concerning the proper party's identity" under Rule 15(c)(1)(C)(ii) and should be permitted to amend even after the statute of limitations expired. *Krupski*, 560 U.S. at 549. According

13

to the Sixth Circuit in *Smith*, making a mistake about which of two possible defendants to sue was distinguishable from not knowing who the defendants were in the first place, and failing to find out within the statute of limitations. *Smith*, 476 F. App'x at 69.

The Sixth Circuit considered a similar case in *Brown*, where a prisoner brought a § 1983 excessive force action against a County and ten John Doe guards at the County Jail. 517 F. App'x at 432. During discovery against the County, plaintiff determined the names of the John Doe jail guards and sought permission from the district court to amend his complaint to include their names. *Id.* The district court denied the request as to claims for which the statute of limitations had already run, finding the amendment did not relate back to the original complaint. *Id.* The Sixth Circuit affirmed, finding that "mistake" under Rule 15(c)(1)(C)(ii) meant "an actual mistake" not an absence of knowledge, and that Rule 15(c) should be interpreted consistent with its intent to "forestall[] eleventh-hour lawsuits with placeholder defendants designed to frustrate the operation of a statute of limitations." *Id.* at 435 (citing *Cox*, 75 F.3d at 240).

Moreover, the Sixth Circuit found that plaintiff had not presented a sufficient argument for equitably tolling the statute of limitations that would allow the addition of "new" parties; even

though he had argued that he had requested his jail records regarding his incident before filing his complaint, and before the statute of limitations had expired, but had been wrongfully denied those records. *Id.* at 434-35. The court noted that because plaintiff had not argued he was ignorant of the filing requirement, in order to adequately state an argument for equitable tolling he would have to have shown both diligence in pursuing his claim and an absence of prejudice to defendant if he was allowed to file outside the statute of limitations, but had "failed to allege sufficient dilligence." *Id.* at 435

Under this Circuit's strict interpretation of Rule 15(c)(1)(C)(ii)'s mistake requirement in John Doe defendant cases, therefore, Plaintiff has not shown his Amended Complaint relates back to his original Complaint. As in *Smith* and *Brown,* Plaintiff's only argument for failing to timely file a complaint against the Defendant Officers is that he did not know who they were until after the statute of limitations expired; but "[t]he relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." *Id.* Furthermore, Plaintiff's argument for equitable tolling—*i.e.* that he exercised due diligence in discovering the John Doe defendants' identities *after* filing his Complaint (Dkt. 14 at Pg ID 132)—is also unavailing under the Sixth Circuit's decision in *Brown* in which the plaintiff who had attempted to discover the

15

identity of his John Doe defendants *before* the expiration of the statute of limitations still "failed to allege sufficient diligence" that would warrant equitable tolling. *Brown*, 517 F. App'x at 434-435.

The court is cognizant of the potentially insurmountable hurdles this interpretation of "mistake" under Rule 15(c) creates for plaintiffs in § 1983 actions—particularly pro se plaintiffs—who frequently do not know the identity of their arresting officer(s) and plead instead against a "John Doe" or "unknown officer" defendant. *See* Howard Wasserman, Civil Rights Plaintiffs and John Doe Defendants: A Study in § 1983 Procedure, 25 Cardozo L. Rev. 793, 297-98 (2003)(discussing difficulties relation-back rule poses for § 1983 plaintiffs suing unidentified officers who have difficulty determining the identity of those officers); *accord Heglund v. Aitkin County*, 871 F.3d 572, 581 (8th Cir. 2017)("There may well be sound policy arguments for permitting relation back when a plaintiff amends a John Doe pleading to substitute a real person and can satisfy the other requirements under Rule 15(c). But we think these concerns are best directed to the rulemakers . . . .").

The Court also notes the very slim, if even existent, category of circumstances in which a § 1983 plaintiff could show the diligence necessary to invoke equitable tolling in this Circuit given that in *Brown* the court found that even efforts to request infor-

mation made *before* the statute of limitations expired were insufficient. *Brown*, 517 F. App'x at 435 ("[T]he possibility that unscrupulous government employees may have given [plaintiff] the runaround [on his document requests] is not a reason to deviate from our longstanding precedent of applying Rule 15(c)(1)(C) strictly").

Ultimately, however, the Court must acknowledge that the precedent in this Circuit is clear and binding: under Rule 15(c), a plaintiff's lack of knowledge regarding whom to sue is not treated as a "mistake" for relation-back purposes in the way that a mistake regarding the correct identity of the proper party is treated. This is also the law as recognized in several other circuits. *See, e.g.*, *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367-68 (4th Cir. 2006); *Garret v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

Moreover even if the availability of equitable tolling for the statute of limitations was not as limited as the Sixth Circuit described it in *Brown*, Plaintiff still likely has not satisfied any bar for showing diligence in pursuing his claims against Defendants by waiting until the last day of the three-year statute of limitations to file his Complaint, and *then* trying to determine who the proper defendants were.

Application of these rules seems unquestionably harsh in the circumstances of this case, and at least one court has encouraged a

17

revision of the rules in favor of correcting this inequity. *Singletary v. Penn. Dep't of Corr.,* 266 F.3d 186, 200 (3d Cir.2001) (urging the Rules Advisory Committee to amend Rule 15(c)(3) to adopt the opposite approach). Given that the *Brown* and *Smith* decisions were only recently decided, it is unlikely that their holdings will be reconsidered by the Sixth Circuit, and they are dispositive of this matter, requiring that the motion to dismiss be granted.

Defendants' Motion to Dismiss claims against the Defendant Officers as time-barred is thus GRANTED with prejudice.

### b. Section 1983 claims against Wayne County Sheriff's Department

In his Amended Complaint Plaintiff has also added Wayne County as a defendant. Dkt. 10. Plaintiff did not name Wayne County in his original Complaint. Dkt. 1. The Sixth Circuit has a bright line rule that claims arising from the same conduct alleged in the original Complaint against entirely new parties do not relate back under Rule 15(c)(1)(C). *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)("[T]he precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations"); *Ham v. Sterling*

*Emergency Services of the Midwest, Inc.*, 575 F. App'x 610, 615 (6th Cir. 2014)(same).

Defendant Wayne County's Motion to Dismiss Plaintiff's claims against it as time-barred is thus GRANTED with prejudice.

### c. The court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims

Plaintiff's only remaining claims against the Defendant officers and Defendant County are his state law claims for "false arrest/illegal detention," illegal search, assault and battery, and "violation of the laws of the State of Michigan" through "Incidents and Badges of Slavery." Dkt. 10 at Pg ID 77-79.

In this Circuit courts typically decline to retain jurisdiction over state law claims where all federal claims are dismissed before trial. *See Musson Theatrical v. Fed. Express Corp.*, 89 F. 3d 1244, 1254-55 (6th Cir. 1996)("[W]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims"); *see also Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988)("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendent state law claims should be dismissed").

Defendants Motion to Dismiss is therefore GRANTED as to all the remaining claims.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED with prejudice.

**SO ORDERED.**

Dated: March 29, 2018
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 29, 2018.

s/A. Chubb
Case Manager